Sarah R. Gonski (Bar No. 032567)
**PERKINS COIE LLP**
2901 North Central Avenue, Suite 2000
Phoenix, Arizona 85012-2788
Telephone: (602) 351-8000
Facsimile: (602) 648-7000
SGonski@perkinscoie.com

Marc E. Elias*
John Devaney*
Christina A. Ford*
**PERKINS COIE LLP**
700 Thirteenth Street NW, Suite 600
Washington, D.C. 20005-3960
Telephone: (202) 654-6200
Facsimile: (202) 654-6211
MElias@perkinscoie
JDevaney@perkinscoie.com
Christinaford@perkinscoie.com

*Seeking Pro Hac Vice Admission*

*Attorneys for Proposed Intervenor-Plaintiff*

# UNITED STATES DISTRICT COURT
## DISTRICT OF ARIZONA

| | |
|---|---|
| Darlene Yazzie, Caroline Begay, Leslie Begay, Irene Roy, Donna Williams and Alfred McRoye, <br><br> Plaintiffs, <br><br> v. <br><br> Katie Hobbs, in her official capacity as the Arizona Secretary of State, <br><br> Defendant. | No. 3:20-cv-08222-GMS <br><br> **ARIZONA ADVOCACY NETWORK'S MOTION TO INTERVENE AS PLAINTIFF** |

**INTRODUCTION**

Pursuant to Federal Rule of Civil Procedure 24, Proposed Intervenor, Arizona Advocacy Network ("AzAN"), moves to intervene as plaintiff in the above-titled action.

Plaintiffs, Darlene Yazzie, Caroline Begay, Leslie Begay, Irene Roy, Donna Williams, and Alfred McRoye (collectively, "Plaintiffs"), challenge Arizona's requirement that election officials automatically reject all mail ballots that arrive after 7 p.m. on Election Day, even if they were postmarked on or before Election Day (the "Election Day Receipt Deadline"). Plaintiffs seek an Order declaring that the mail ballots of a limited set of Arizona voters—members of the Navajo Nation living on the Navajo Nation Reservation—shall be counted as long as they are postmarked by Election Day and received within ten days following the election.

Proposed Intervenor AzAN is a non-profit, non-partisan organization that has significant interests to protect in this litigation. Arizona's Election Day Receipt Deadline directly harms AzAN by burdening and disenfranchising voters, thus frustrating AzAN's mission of enfranchising and turning out voters in Arizona. Like Plaintiffs, AzAN seeks a declaration that the Election Day Receipt Deadline is unconstitutional, but it seeks relief that applies equally to *all* Arizona voters and is not limited to members of the Navajo Nation living on Navajo tribal lands.

For the reasons set forth below, AzAN is entitled to intervene in this case as a matter of right under Rule 24(a)(2). Intervention is needed not only to ensure the fairness of the Election but also to safeguard the substantial and distinct legal interests of AzAN, which will otherwise be inadequately represented (and potentially harmed) in the litigation. In the alternative, AzAN should be granted permissive intervention pursuant to Rule 24(b). In accordance with Rule 24(c), a proposed Complaint is attached as Exhibit 1. Counsel for AzAN has conferred with the parties to this action, and has been advised that neither Plaintiffs nor Defendants consent.

## PROCEDURAL BACKGROUND

Plaintiffs initiated this action on August 26, 2020, by filing their Complaint for Injunctive and Declaratory Relief. (Doc. 1.) Then, on September 2, 2020, Plaintiffs filed their Emergency Motion for Preliminary Injunctive and Declaratory Relief and Memorandum of Points and Authorities in Support Thereof. (Doc. 9.) Thereafter, on September 3, 2020, Proposed Intervenor-Defendants filed their Motion to Intervene. (Doc. 12.) Subsequently, on September 7, 2020, Plaintiffs filed their Motion for Emergency Hearing on Motion for Preliminary Injunction and Permanent Injunction. (Doc. 21.)

## STANDARD OF LAW

"Rule 24 traditionally receives liberal construction in favor of applicants for intervention." *Arakaki v. Cayetano*, 324 F.3d 1078, 1083 (9th Cir. 2003); *Arizonans for Fair Elections v. Hobbs*, 335 F.R.D. 269, 273 (D. Ariz. 2020) (quoting *Wilderness Soc. v. U.S. Forest Serv.*, 630 F.3d 1173, 1177 (9th Cir. 2011)) ("[A] liberal policy in favor of intervention serves both efficient resolution of issues and broadened access to the courts.").

"Courts in the Ninth Circuit employ a four-part test when analyzing intervention of right:"

> (1) the motion must be timely; (2) the applicant must claim a "significantly protectable" interest relating to the property or transaction which is the subject of the action; (3) the applicant must be so situated that the disposition of the action may as a practical matter impair or impede its ability to protect that interest; and (4) the applicant's interest must be inadequately represented by the parties to the action.

*Arizonans for Fair Elections*, 335 F.R.D. at 273 (quoting *Wilderness Soc.*, 630 F.3d at 1177). Courts are "required to accept as true the non-conclusory allegations made in support of an intervention motion." *Sw. Ctr. for Biological Diversity v. Berg*, 268 F.3d 810, 819 (9th Cir. 2001) (citation and quotation marks omitted).

Alternatively, a court may grant permissive intervention to a party under Rule 24(b) "where the applicant for intervention shows '(1) independent grounds for jurisdiction; (2) the motion is timely; and (3) the applicant's claim or defense, and the main action, have

a question of law or a question of fact in common.'" *Arizonans for Fair Elections*, 335 F.R.D. at 276 (quoting *United States v. City of Los Angeles*, 288 F.3d 391, 403 (9th Cir. 2002)).

## ARGUMENT

### I.     Intervention is appropriate under Rule 24(a)(2).

AzAN readily satisfies each of the four requirements of Rule 24(a)(2), and thus is entitled to intervene as of right.

*First*, this motion is timely. Plaintiffs filed their Complaint on August 26, 2020; this motion follows less than three weeks later, before any significant action in the case and before any answer has been filed. There has been no delay, and there is no possible risk of prejudice to the other parties. *See League of United Latin Am. Citizens v. Wilson*, 131 F.3d 1297, 1302 (9th Cir. 1997); *see also Arizonans for Fair Elections*, 335 F.R.D. at 273 (quoting *United States v. Alisal Water Corp.*, 370 F.3d 915, 921 (9th Cir. 2004)) ("Timeliness is a flexible concept; its determination is left to the district court's discretion.").

*Second* and *third*, AzAN has significant protectable interests in this lawsuit that will be impaired if the relief granted by the Court is limited to the narrow relief requested by Plaintiffs. "[A] prospective intervenor 'has a sufficient interest for intervention purposes if it will suffer a practical impairment of its interests as a result of the pending litigation.'" *Wilderness Soc.*, 630 F.3d at 1179 (quoting *California ex rel. Lockyer v. United States*, 450 F.3d 436, 441 (9th Cir.2006)). Further, "[i]t is generally enough that the interest is protectable under some law, and that there is a relationship between the legally protected interest and the claims at issue." *Wilderness Soc.*, 630 F.3d at 1179 (quoting *Sierra Club v. EPA*, 995 F.2d 1478, 1484 (9th Cir.1993)). In assessing whether such an interest is sufficiently "impair[ed] or impede[d]," Fed. R. Civ. P. 24(a)(2), courts "look[] to the 'practical consequences' of denying intervention." *Nat. Res. Def. Council v. Costle*, 561 F.2d 904, 909 (D.C. Cir. 1977) (quoting *Nuesse v. Camp*, 385 F.2d 694, 702 (D.C. Cir. 1967)).

Here, AzAN has a legally protectible interest sufficient to support intervention. It is a non-profit, non-partisan organization devoted to defending and deepening Arizona's commitment to democracy, including by advocating for meaningful voting rights and access to the ballot. Arizona's Election Day Receipt Deadline directly harms AzAN by burdening and disenfranchising voters. This, in turn, frustrates AzAN's mission of enfranchising and turning out voters in Arizona. In the past, AzAN has had to expend and divert additional funds and resources that it would otherwise spend on other mission-critical voter education and engagement efforts to ensure that voters are not disenfranchised by Arizona's Election Day Receipt Deadline. The need for urgent relief is particularly compelling for the upcoming November election given the global COVID-19 pandemic, the resulting expected surge in voting by mail, and the recent widely publicized issues with delivery delays by the United States Postal Service ("USPS").[1]

Unless the Court grants AzAN the relief it seeks in its Complaint (Exhibit 1 to this motion), AzAN will have to continue to expend and divert additional funds and resources to ensure that voters are not disenfranchised by Arizona's Election Day Receipt Deadline. The effects of the Deadline on voters throughout Arizona and, relatedly, on AzAN's resources are particularly acute because of the extraordinary circumstances caused by the COVID-19 pandemic and USPS's delays in service. While AzAN agrees with Plaintiffs' descriptions of these circumstances and the adverse effects on members of the Navajo Nation living on Navajo tribal lands, Plaintiffs request relief limited to that group of voters. By contrast, AzAN seeks uniform, statewide relief for all Arizonans who will vote by mail in the November Election.

Although AzAN broadly supports the relief that Plaintiffs seek, limiting the remedy to only a subset of voters would compromise AzAN's legally protected interests in two concrete ways. First, AzAN would have to expand voter education efforts to ensure that

---

[1] *See, e.g.*, Ellie Kaufman, *Postal service warns nearly every state it may not be able to deliver ballots in time based on current election rules*, CNN, available at https://www.cnn.com/2020/08/14/politics/usps-warn-states-mail-in-ballot delivery/index.html (last accessed September 9, 2020).

most Arizona voters are aware that the Election Day Receipt Deadline and not a postmark deadline applies to them. Second, AzAN would have to combat voter confusion because different ballot submission deadlines would apply to different voters, and, as a result, an already confusing voting scheme would become even more difficult for voters to understand and navigate. In short, meaningful relief from the Election Day Receipt Deadline can only come if any remedy applies statewide. To ensure that its own interests in uniform, statewide relief is protected, AzAN should be heard in this litigation.

***Fourth***, AzAN's interests are not represented by any existing party to this case. Courts consider "three factors in determining the adequacy of representation": (1) whether the interest of a present party is such that it will undoubtedly make all of a proposed intervenor's arguments; (2) whether the present party is capable and willing to make such arguments; and (3) whether a proposed intervenor would offer any necessary elements to the proceeding that other parties would neglect. *Arakaki*, 324 F.3d at 1086. "The 'most important factor' in assessing the adequacy of representation is 'how the interest compares with the interests of existing parties.'" *Citizens for Balanced Use v. Mont. Wilderness Ass'n*, 647 F.3d 893, 898 (9th Cir. 2011) (quoting *Arakaki*, 324 F.3d at 1086). This fourth intervention element "requires a 'minimal' showing and is satisfied if existing parties' representation of its interest 'may be' inadequate." *Arizonans for Fair Elections*, 335 F.R.D. at 275 (quoting *Citizens*, 647 F.3d at 898).

Here, all three factors are met. First, while Plaintiffs and AzAN share similar injuries from the Election Day Receipt Deadline, they differ in terms of remedy. Although AzAN agrees with Plaintiffs that Navajo voters living on tribal lands are uniquely harmed by the Receipt Deadline and experience disproportionate injury, AzAN's mission extends to all voters across Arizona, who Plaintiffs do not plan to represent. As a result, Plaintiffs do not have sufficiently congruent interests "such that [they] will undoubtedly make all of" AzAN's arguments, which includes the argument that *all* Arizona voters are entitled to relief here. *Arakaki*, 324 F.3d at 1086. This divergence of interests and objectives satisfies the fourth requirement of Rule 24(a)(2). *See, e.g.*, *Allied Concrete & Supply Co. v. Baker*,

904 F.3d 1053, 1068 (9th Cir. 2018); *Californians for Safe & Competitive Dump Truck Transp. v. Mendonca*, 152 F.3d 1184, 1190 (9th Cir. 1998).

## II. Alternatively, AzAN satisfies Rule 24(b)'s requirements for permissive intervention.

Even if this Court were to find AzAN ineligible for intervention as of right, AzAN satisfies the requirements for permissive intervention under Rule 24(b). "Permissive intervention lies within the sound discretion of the Court." *Gila River Indian Cmty. v. United States*, No. CV10-1993 PHX-DGC, 2010 WL 4811831, at *1 (D. Ariz. Nov. 19, 2010). A court may grant permissive intervention to a party under Rule 24(b) "where the applicant for intervention shows '(1) independent grounds for jurisdiction; (2) the motion is timely; and (3) the applicant's claim or defense, and the main action, have a question of law or a question of fact in common.'" *Arizonans for Fair Elections*, 335 F.R.D. at 276 (quoting *City of Los Angeles*, 288 F.3d at 403). Additionally, "[i]n exercising its discretion to grant or deny permissive intervention, a court must consider whether the intervention will 'unduly delay or prejudice the adjudication of the'" original parties' rights. *Venegas v. Skaggs*, 867 F.2d 527, 530 (9th Cir. 1989) (quoting Fed. R. Civ. P. 24(b)(3)).

Here, AzAN meets all three requirements for permissive intervention. First, there is an independent ground for jurisdiction over AzAN's claims. *See* Ex. 1 (asserting claims under the First and Fourteenth Amendments and asserting jurisdiction under 42 U.S.C. § 1983; 28 U.S.C. §1331; and 28 U.S.C. § 2201 and 2202). Second, for the reasons discussed *supra*, AzAN's motion is timely, filed less than three weeks after Plaintiffs' Complaint was filed and before Defendant has filed an answer. Third, AzAN's claims and Plaintiffs' claims share common questions of law and fact. *See* Ex. 1 (incorporating by reference large portions of Plaintiffs' factual allegations).

Lastly, intervention will result in neither prejudice nor undue delay. AzAN has an undeniable interest in a swift resolution of this action so that it can ensure that its get-out-the-vote and voter education efforts for the 2020 election are successful. AzAN is confident

that its intervention in this case, and its filings that will follow, will result in expeditious resolution of this litigation.

## CONCLUSION

For the reasons stated above, AzAN respectfully requests that the Court grant its motion to intervene as a matter of right under Rule 24(a)(2) or, in the alternative, permit it to intervene under Rule 24(b).

Dated:  September 11, 2020

*/s Sarah R. Gonski*

Sarah R. Gonski (Bar No. 032567)
**PERKINS COIE LLP**
2901 North Central Avenue, Suite 2000
Phoenix, Arizona 85012-2788
Telephone:  (602) 351-8000
Facsimile:   (602) 648-7000
SGonski@perkinscoie.com

Marc E. Elias*
John Devaney*
Christina A. Ford*
**PERKINS COIE LLP**
700 Thirteenth Street NW, Suite 600
Washington, D.C. 20005-3960
Telephone:  (202) 654-6200
Facsimile:   (202) 654-6211
MElias@perkinscoie
JDevaney@perkinscoie.com
Christinaford@perkinscoie.com

*Attorneys for AzAN*

*\* Seeking Pro Hac Vice Admission*

**CERTIFICATE OF SERVICE**

I hereby certify that on September 11, 2020, I electronically transmitted the attached document to the Clerk's Office using the ECF System for filing and transmittal of a Notice of Electronic Filing to the ECF registrants.

*/s Daniel R. Graziano*