Chris McClure
McClure and Hardy Prof. LLC
SD Bar No. 3962
101 S. Reid St. Ste. 307
Sioux Falls, SD 57103
605-496-9858
mcclurechris@gmail.com

Michael J. Novotny
Big Fire Law & Policy Group LLP
1404 Fort Crook Road South Bellevue, NE 68005
AZ State Bar No. 033792
Telephone: (531) 466-8725
Facsimile: (531) 466-8792
Email: mnovotny@bigfirelaw.com

Attorneys for Plaintiffs

**IN THE UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF ARIZONA**

| | |
|---|---|
| Darlene Yazzie, Caroline Begay, Leslie Begay, Irene Roy, Donna Williams and Alfred McRoye, <br><br> Plaintiffs, <br><br> v. <br><br> Katie Hobbs, in her official capacity as Secretary of State for the State of Arizona, Patty Hansen, in her official capacity as Coconino County Recorder, Edison J. Wauneka, in his official capacity as Apache County Recorder and Michael Sample, in his official capacity as Navajo County Recorder, <br><br> Defendants. | Case No. 3:20-cv-08222-GMS <br><br><br> **PLAINTIFF'S MOTION FOR LEAVE TO AMEND COMPLAINT FOR INJUNCTIVE AND DECLARATORY RELIEF** |

Plaintiffs respectfully move the Court for leave to file an Amended Complaint, a copy of which is attached hereto as Exhibit A. The proposed amended complaint clarifies that Plaintiffs' claims for relief in response to the Defendant's concerns raised in their Motion to Dismiss Dkt. 48. Having conferred with the Defendants' Counsel today it seems unlikely that Defendant will consent to the request to file an Amended Complaint in this matter. Accordingly, Plaintiffs file this motion seeking the Court's leave to amend, which should be granted for the reasons set forth below.

## ARGUMENT

### I. Legal Standard

Pursuant to Federal Rule of Civil Procedure 15(a)(2), "a party may amend its pleading only with the opposing party's written consent or the court's leave. The court should freely give leave when justice so requires." 'This policy is to be applied with extreme liberality.' "*C.F. ex rel. Farnan v. Capistrano Unified Sch. Dist.,* 654 F.3d 975, 985 (9th Cir.2011) (quoting *Eminence Capital, LLC v. Aspeon, Inc.*, 316 F.3d 1048, 1051 (9th Cir.2003)). "This liberality in granting leave to amend is not dependent on whether the amendment will add causes of action or parties." *DCD Programs, Ltd. v. Leighton*, 833 F.2d 183, 186 (9th Cir.1987).

The decision as to whether or not to grant leave to amend a pleading is within the sound discretion of the district court, but this discretion is strictly circumscribed by Rule 15's mandate that leave must be freely given. Leave need not be granted where the amendment of the complaint would cause the opposing party undue prejudice, is sought in bad faith, constitutes an exercise in futility, or creates undue delay." *Ascon Props., Inc. v. Mobil Oil Co*., 866 F.2d 1149, 1160 (9th Cir.1989) (citations omitted) (citing *DCD Programs, Ltd. v. Leighton,* 833 F.2d 183,

186 (9th Cir.1987); *Foman v. Davis*, 371 U.S. 178, 182, 83 S.Ct. 227, 9 L.Ed.2d 222 (1962)). According to the Ninth Circuit, "the crucial factor is the resulting prejudice to the opposing party," and the burden of showing that prejudice is on the party opposing amendment. Howey v. United States, 481 F.2d 1187, 1190 (9th Cir. 1973); *Eminence Capital, LLC v. Aspeon, Inc.*, 316 F.3d 1048, 1052 (9th Cir. 2003); *DCD Programs*, 833 F.2d at 187.

This Motion is Filed 26 days after the Motion to Dismiss filed by the Defendant in the middle of the Emergency Preliminary Motion shortened schedule and briefing. Further the Plaintiff's have attempted to move this matter as fast as possible considering the pending 2020 election with this motion being filed under two months since this matter was initiated. This has not been an action with any undue delay.

More importantly there is no undue prejudice to the Defendant in this matter. In fact, the Defendant was the one that brought up the idea that the County Reorders would be required to be added to this action in their motion to dismiss and in their brief to the Ninth Circuit in this matter. If the Defendant believes in earnest that the County recorders are the only people that can be ordered to count the ballots they will be unaffected by adding them to this matter. Regarding the Amendment to clarify how the Defendant can be required to amend the Arizona Election Procedures Manual or prescribe rules pursuant to A.R.S. § 16-452, this clarification answers the Defendant's concerns that they cannot grant the relief requested by the Plaintiffs. This provides the Defendant more clarity as to the requested relief of the Plaintiff and allows them to plan their defense accordingly. Furthermore, Allowing an amendment in this matter does not prejudice the Defendant as future lawsuits can be filed on this issue if it is decided on a technicality rather than on the merits. This would also be judicially inefficient.

## CONCLUSION

1.  For the reasons identified above, Plaintiffs respectfully request that the Court grant this motion for leave to file the proposed First Amended Complaint.

Dated this 12th day of October, 2020.

/s/ Chris McClure
Chris McClure
McClure and Hardy Prof. LLC
SD Bar No. 3962
101 S. Reid St. Ste. 307
Sioux Falls, SD 57103
605-496-9858
mcclurechris@gmail.com

/s/ Michael J. Novotny
Michael J. Novotny
Big Fire Law & Policy Group LLP
1404 Fort Crook Road South
Bellevue, NE 68005
AZ State Bar No. 033792
Telephone: (531) 466-8725
Facsimile: (531) 466-8792
Email: mnovotny@bigfirelaw.com

ATTORNEYS FOR PLAINTIFFS

**CERTIFICATE OF SERVICE**

      I hereby certify that on October 12, 2020, I electronically transmitted the attached document to the Clerk's Office using the CM/ECF System for filing.

                                                      /s/ Chris McClure