Roopali H. Desai (024295)
D. Andrew Gaona (028414)
Kristen Yost (034052)
**COPPERSMITH BROCKELMAN PLC**
2800 North Central Avenue, Suite 1900
Phoenix, Arizona  85004
T:  (602) 381-5478
rdesai@cblawyers.com
agaona@cblawyers.com
kyost@cblawyers.com

Marty Harper (003416)
**ASU LAW GROUP**
111 East Taylor Street, Suite 120
MC8520
Phoenix, Arizona 85004
T:  (602) 738-8007
Marty.Harper@asulawgroup.org

*Attorneys for Defendant Arizona Secretary of State*

## UNITED STATES DISTRICT COURT

## DISTRICT OF ARIZONA

| | |
|---|---|
| Darlene Yazzie; Caroline Begay; Leslie Begay; Irene Roy; Donna Williams; and Alfred McRoye,<br><br>Plaintiffs,<br><br>v.<br><br>Katie Hobbs, in her official capacity as Arizona Secretary of State,<br><br>Defendant. | No. CV-20-08222-PCT-GMS<br><br>**DEFENDANT ARIZONA SECRETARY OF STATE'S RESPONSE TO PLAINTIFFS' MOTION TO DISMISS OR REQUEST FOR TIMEFRAME FOR LEAVE TO AMEND COMPLAINT** |

Defendant Secretary of State Katie Hobbs (the "Secretary") respectfully responds to Plaintiffs' Motion to Dismiss or Request Timeframe for Leave to Amend Complaint, Doc. 71, to clarify her position regarding dismissal and request prompt dismissal of this action with prejudice.

Contrary to Plaintiffs' inaccurate representation, as communicated to Plaintiffs prior to their filing, the Secretary's position is that the lawsuit *must* be dismissed because the Ninth Circuit concluded that Plaintiffs lack standing, and thus Article III jurisdiction. *See Yazzie v. Hobbs*, No. 20-16890, 2020 WL 6072861 at *2–4 (9th Cir. Oct. 15, 2020).

Where, as here, the plaintiff cannot cure standing defects, dismissal should be with prejudice. *Schmier v. U.S. Court of Appeals for the Ninth Circuit*, 279 F.3d 817, 824–825 (9th Cir. 2002) (holding that dismissal with prejudice was proper where plaintiff could not cure standing defects). Notably, the Ninth Circuit held that Plaintiffs' injury is fundamentally not redressable by the Secretary for multiple reasons, which amounts to an "insuperable standing hurdle." *Yazzie,* 2020 WL 6072861 at *3.

Plaintiffs' Proposed Amended Complaint does nothing to address the Ninth Circuit's holdings that there is no way to discern whether particular ballots are cast by on-reservation Navajo Nation members, and that there is no way to control the actions of the U.S. Postal Service, a third party not involved in this suit. *Id.* at *3–4. *See* Doc. 69-1 at 26 (amending complaint primarily to request that the Secretary amend the Elections Procedures Manual to direct county recorders to accept ballots from on-reservation tribal members postmarked by Election Day). Therefore, Plaintiffs should not be permitted leave to amend their complaint. Such an amendment would be futile.

Further, Plaintiffs failed to file their supplemental response to the Secretary's initial motion to dismiss by the October 19, 2020 deadline set by the Court. Thus, the Court has before it a motion to dismiss providing alternative and additional grounds to dismiss this case with prejduice.

For the foregoing reasons, the Secretary respectfully requests that the Court dismiss with prejudice Plaintiffs' Complaint.

Respectfully submitted this 20th day of October, 2020.

**COPPERSMITH BROCKELMAN PLC**

By  s/ Roopali H. Desai
  Roopali H. Desai
  D. Andrew Gaona
  Kristen Yost

**ASU LAW GROUP**
  Marty Harper

*Attorneys for Defendant Arizona Secretary of State Katie Hobbs*