Chris McClure
McClure and Hardy Prof. LLC
SD Bar No. 3962
101 S. Reid St. Ste. 307
Sioux Falls, SD 57103
605-496-9858
mcclurechris@gmail.com

Michael J. Novotny
Big Fire Law & Policy Group LLP
1404 Fort Crook Road South Bellevue, NE 68005
AZ State Bar No. 033792
Telephone: (531) 466-8725
Facsimile: (531) 466-8792
Email: mnovotny@bigfirelaw.com

Attorneys for Plaintiffs

# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| Darlene Yazzie, Caroline Begay, Leslie Begay, Irene Roy, Donna Williams and Alfred McRoye,<br><br>Plaintiffs,<br><br>v.<br><br>Katie Hobbs, in her official capacity as Secretary of State for the State of Arizona,<br><br>Defendant. | Case No. 3:20-cv-08222-GMS<br><br><br>**REPLY TO DEFENDANT'S RESPONSE TO MOTION TO DISMISS OR REQUEST TIMEFRAME FOR LEAVE TO AMEND COMPLAINT** |

0

Plaintiffs Darlene Yazzie, Caroline Begay, Irene Roy, Donna Williams, Leslie Begay and Alfred Mc Roye ("Plaintiffs") by and through their attorney, Chris McClure and hereby provide their reply to the Defendant's Response to the Plaintiff's Motion to Dismiss or Request Timeframe for Leave to Amend Complaint.

The Defendant's Reply only references the Summary of the 9th circuit opinion in this matter not the Opinion of the 9th Circuit. The summary is not the opinion of the Court and is not binding on this Court. Furthermore, the 9th Circuit only reviewed this matter with the record before it and whether they had jurisdiction to make a determination on the preliminary injunction. The 9th Circuit made no determinations whether the Complaint could be amended in a manner that would then allow for redressability. In fact, the 9th Circuit specifically noted that when addressing the Defendant's claimed "insuperable standing hurdle" that the requested relief "cannot redress the claimed injury, *at least for this election*." (emphasis added) *Yazzie v. Hobbs*, No. 20-16890, 2020 WL 6072861 at \*9 (9th Cir. Oct. 15, 2020). The Court will note that the 9th Circuit specifically limited its redressability concern to the 2020 election. The 9th Circuit focuses on the inability at this time to differentiate between Navajo tribal ballots and non-Navajo ballots; a mechanism could be created to do so and implemented before the next election. *Id*. at 9-10. In addition, the Complaint can be amended to request that the Defendant be ordered to make such changes to the election manual.

The 9th Circuit also noted concerns that the US Postal Service (USPS) may need to be added as a party to ensure postmarking of ballots due to the history of the USPS's treatment of ballots. *Id.* at 11. However, the 9th Circuit notes that the ruling in *Jones v. U.S.Postal Serv.*, 2020 WL 5627002, at \*28–29 (S.D.N.Y. Sept.21, 2020); requires that the USPS mark all ballots as "cancelled" or "postmarked." *Id.* at 11. While this may change, this is now the policy of the

USPS and there is no reason to believe it will be changed at this time.  Furthermore, amending the complaint to add the USPS would remedy any of these concerns.

Furthermore, the Complaint could be amended to add the Governor and Attorney General of Arizona, though the Plaintiff's believe this is unnecessary when it comes to The above proposed amendments to the Complaint along with the ones on file address all of the claims made by the Defendant in their Motion to Dismiss and their Response to the Plaintiff's Motion to Dismiss of Request for Timeframe for Leave to Amend Complaint.

In addition, the Complaint could easily be amended to add some of the hurdles that make it difficult for Yazzie and the other Plaintiffs to vote that are already included in the record.  Further the Plaintiffs have now confirmed that at least one intends to use vote by mail this election and is likely to continue to do so in the future and the Complaint could be amended to contain such language.

Despite the ability to amend the complaint in this matter the Plaintiffs seek to dismiss this matter without prejudice for multiple reasons.  First, this matter was brought as soon a practicable due to the potential harm irreversible harm to the Plaintiffs in the 2020 election.  Unfortunately, Plaintiff's research and information was not and is not fully fleshed out at this point, but with the pending election it was deemed more important to try and protect their rights.  Now that that has become unattainable, there is value to allowing the Plaintiffs an opportunity to do that fact finding to determine what remedy would be most functional to protect the Plaintiffs' rights as well as the rights of other similarly situation Arizonans. Second, the US Supreme Court has granted certiorari to *Arizona Republican Party v. Democratic National Committee* 948 F.3d 989; which has been set for oral argument in 2021.  This is a Section 2 of the Voting Rights Act case that has a significant chance of changing the legal landscape and potential test for this

matter and may resolve the issue for the Plaintiffs or provide guidance as to how the case must be plead and clarification on what constitutes a Section 2 violation. Furthermore, it is likely discovery and court hearings as well as other Motions to Dismiss will be brought based on the outcome of that case and the Court's ruling. It is judicially more efficient to allow this matter to be dismissed without prejudice and brought again under the appropriate standard rather than waste everyone's time attempting to use a changing standard.

      Furthermore, The Defendants have argued in front of this court on multiple occasions that the Plaintiffs' Complaint only applies to the 2020 election. While Plaintiffs' disagree with this assertion, the Defendants should be estopped from arguing that res judicata should attach after the 2020 election after taking the position the Complaint does not cover future elections. Moreover, The purpose of F.R.C.P. 41(a)(2) "is to permit a plaintiff to dismiss an action without prejudice so long as the defendant will not be prejudiced, *Davis v. USX Corp.,* 819 F.2d 1270, 1273 (4th Cir.1987). It is hard to imagine there is any prejudice to the Defendant past 2020, if the Defendant only believed this matter applied to the 2020 election. Furthermore, the Defendant has not identified any claim as to how Defendant will be prejudiced by allowed the Plaintiffs to dismiss without prejudice. Further, *Smith v. Lenches* 263 F.3d 972 at 976 makes it clear that " A dismissal under Rule 41(a)(2) normally is without prejudice, as explicitly stated in that rule." The 9th Circuit goes on in *Lenches* to clarify that "We have previously held that 'legal prejudice' means 'prejudice to some legal interest, some legal claim, some legal argument.'" *Smith v. Lenches* 263 F.3d 972 at 975 (citing *Westlands Water Dist. v. United States*, 100 F.3d 94, 97 (9th Cir.1996)). "In so holding, we also explained that '[u]ncertainty because a dispute remains unresolved' or because 'the threat of future litigation ... causes uncertainty' does not result in plain legal prejudice." *Id*. "Also, plain legal prejudice does not result merely because

3

the defendant will be inconvenienced by having to defend in another forum or where a plaintiff would gain a tactical advantage by that dismissal. *Smith v. Lenches* 263 F.3d 972 at 976 (citing Hamilton v. Firestone Tire & Rubber Co., 679 F.2d 143, 145 (9th Cir.1982)).

In addition, the right at stake for the Plaintiffs in this matter is one of the most fundamental rights in our Democracy, the right to vote. Further, the 9th Circuit Court had concerns about the issues facing the Plaintiffs. The 9th Circuit Court specifically noted that they were "sympathetic to the claimed challenges that on-reservation Navajo Nation members face in voting by mail." *Yazzie,* 2020 WL 6072861 at *12. For such reasons and those previously noted, the Plaintiffs request this Court dismiss this matter without prejudice to protect the rights of the Plaintiffs to seek future redress regarding their right to vote by mail.

In the alternative, if the Court does not wish to grant he Plaintiffs leave to dismiss without prejudice, the Plaintiffs request this Court set a timeframe for the Plaintiffs to amend their Compliant. Both the Plaintiff and Defendant noted in the hearing held regarding scheduling regarding the Defendant's Motion to Dismiss that the 9th Circuit's ruling may impact the position either party and it has. The 9th Circuit has provided guidance to the things it would need to see in the complaint, various defendants added, more clarity from the Plaintiffs that they are or intend to vote by mail and clarification on how mail in ballots of the Navajo Tribal Members are to be differentiated from those of non-Navajo Tribal members. These are all matters that can be fixed in the pleadings if amended, but the Plaintiffs would prefer to dismiss without prejudice.

Dated this 27th day of October 2020

/s/ Chris McClure
Chris McClure
McClure and Hardy Prof. LLC
SD Bar No. 3962
101 S. Reid St. Ste. 307
Sioux Falls, SD 57103

 605-496-9858
 mcclurechris@gmail.com


 /s/ Michael J. Novotny
 Michael J. Novotny
 Big Fire Law & Policy Group LLP
 1404 Fort Crook Road South
 Bellevue, NE 68005
 AZ State Bar No. 033792
 Telephone: (531) 466-8725
 Facsimile: (531) 466-8792
 Email: mnovotny@bigfirelaw.com

 ATTORNEYS FOR PLAINTIFFS